# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0930V
Originally Filed: May 9, 2019
Refiled in Redacted Form: June 20, 2019
UNPUBLISHED

| | |
|---|---|
| A.F., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Andrew Gordon Melling*, McNair Law Firm, P.A., Columbia S.C., for petitioner.
*Glenn Alexander MacLeod*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 11, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") resulting from adverse effects of an influenza vaccination received on October 7, 2016. Petition at 1. On December 11, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 43.

---

[1] When this decision was originally filed the undersigned indicated her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner filed a timely motion to redact certain information. This decision is being reissued to redact petitioner's name in accordance with the June 20, 2019 order granting redaction. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 28, 2019, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 52.  Petitioner requests attorneys' fees in the amount of $56,119.90 and attorneys' costs in the amount of $1,1084.98.  *Id.* at 4.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 54-1 at 2.  Thus, the total amount requested is $57,204.88.

Respondent filed no response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I.     Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

### II.    Attorney Fees

As discussed below, the undersigned finds it necessary to reduce the request for attorney's fees for hourly rates, non-compensable billing, duplicative entries and administrative time.

2

A. Hourly Rates

Petitioner requests compensation for the attorneys who worked on his case at the following rates: Andrew Melling at the rate of $400 per hour for all time worked, Celeste T. Jones at the rate of $455 per hour for all time worked and Erik Doerring at the rate of $455 per hour for all time worked.

The undersigned finds the requested rates excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program.  *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

i. Andrew G. Melling, Esq.

Mr. Melling has been a licensed attorney in South Carolina since 1995.  ECF No. 52-2 at 2.  This places him in the range of attorneys with 20 – 30 years' experience for all time billed throughout this case.   The OSM Attorneys' Forum Hourly Rate Schedules provides as follows:

- 20 – 30 years' experience (2017) $358 - $424 per hour
- 20 – 30 years' experience (2018) $370 - $439 per hour

Although Mr. Melling's requested rate is within the appropriate experience range for 2017 and 2018, his inexperience in practicing in the Vaccine Program warrants a reduction of his requested rates.[3]  *See McCulloch*.  Mr. Melling lacks the experience in the Vaccine Program to support the requested rate.   Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Melling's requested hourly rates are reduced to the following;

- $360 per hour for work performed in 2017 and
- $385 per hour for work performed in 2018.

---

[3] This case was Mr. Melling's first case in the Vaccine Program. Currently, Mr. Melling has two cases that are still active.

The undersigned will award the requested rate of $400 for work performed in 2019. This results in a reduction of attorney fees requested in the amount of **$2,535.50**.[4]

           ii.       Celeste T. Jones, Esq.

Ms. Jones was licensed in the state of South Carolina in 1980, placing her in the range of attorneys with over 31 years of experience for her work performed through the case. The OSM Attorneys' Forum Hourly Rate Schedules provides as follows:

- 31 + years' experience (2017) $394 - $440 per hour
- 31 + years' experience (2018) $407 - $455 per hour

Ms. Jones' requested rate of $455 per hour is within the requested range for work performed in 2019, however it is at the top of the range and exceeds her range for 2017. Moreover, Ms. Jones lacks the experience in the Vaccine Program to justify an hourly rate of $455 per hour. Due to Ms. Jones' limited experience in the Vaccine Program, the undersigned finds cause to reduce her requested hourly rate. As such, Ms. Jones is awarded the following rates;

- $394 per hour for work performed in 2017 and
- $407 per hour for work performed in 2018.

This results in a reduction of attorneys' fees requested in the amount of **$242.00**.[5]

           iii.      Erik Doerring, Esq.

Just like Ms. Jones, Mr. Doerring is in the range of attorneys with over 31 years' experience, being licensed in 1985 in the state of South Carolina. Mr. Doerring's requested rate of $455 per hour is within the requested range for work performed 2019, however it is at the top of the range and exceeds his range for 2017. Moreover, Mr. Doerring lacks the experience in the Vaccine Program to justify an hourly rate of $455 per hour. Due to Mr. Doerring's limited experience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate. As such, Mr. Doerring is awarded the following rates;

---

[4] This amount consists of ($400 - $360 = $40 x 40 hrs = $2,084) + ($400 - $385 = $15 x 30.1 hrs = $451.50) = $2,535.50.

[5] This amount consists of ($455 - $394 = $61 x 2 hrs = $122) + ($455 - $407 = $48 x 2.5 hrs = $120) = $242.00.

- $394 per hour for work performed in 2017 and
- $407 per hour for work performed in 2018.

This results in a reduction of attorneys' fees requested in the amount of **$307.20**.[6]

### iv.  Melissa Oken, Paralegal

Ms. Oken billed time as a paralegal in this case, with a requested rate of $153 per hour for all time worked. The requested rate is outside of her range for paralegals in 2016 and 2017.  The OSM Attorneys' Forum Hourly Rate Schedules is as follows:

- Paralegal (2016) $125 - $145 per hour
- Paralegal (2017) $128 - $148 per hour
- Paralegal (2018) $132 - $153 per hour
- Paralegal (2019) $135 - $156 per hour

While Ms. Oken's requested rate of $153 per hour is within the requested range for work performed 2018 and 2019, it is at the top of the range.  Moreover, no supporting documentation was filed with the court to support the requested paralegal rate.  Due to Ms. Jones' limited legal experience in the Vaccine Program, the undersigned finds cause to reduce her requested hourly rate.  As such, Ms. Oken is awarded $145 per hour.  This results in a reduction of attorneys' fees requested in the amount of **$694.40**.[7]

### B.  Non-Compensable Billing Entries

The undersigned also find it necessary to reduce Mr. Melling's requested hours for tasks that are not compensable, including time spent gaining admission to the bar of the U.S. Court of Federal Claims and researching aspects of the Vaccine Program.  Mr. Melling and Ms. Oken billed 5.1 hours investigating, researching and preparing admission to the Federal Bar, and aspects of social security procedure.  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Examples of these entries include:

---

[6] This amount consists of $455 - $407 = $48 x 6.4 hrs = $307.20.

[7] This amount consists of $153 - $145 = $8 x 86.8 hrs = $694.40.

- March 16, 2017 (2.20 hrs) "Research Social Security disability procedure"
- March 29, 2017 (0.60 hrs) "Review notes from client meeting; fill in Social Security administration disability report"
- March 30, 2017 (1.30 hrs) "Review requirements for admission to Court of Federal Claims"
- April 7, 2017 (0.80 hrs) "Work on application to be admitted to US Court of Federal Claims"

ECF No. 52-1 at 3-5.

The undersigned reduces the request for attorney's fees by **$1,664.00**, the total amount of the tasks considered non-compensable.

### C. Duplicative Entries

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that time was billed by both an attorney and paralegal to prepare and attend the same call or meetings. Examples[8] of these entries include:

- August 18, 2017 (AGM 1.80 hrs) "Preparation for and status conference call with Department of Justice and case coordinator; telephone conference with client; emails from court"
- August 18, 2017 (MO 1.80 hrs) "Prepare documents for conference call with client and court; Attend Initial status call with Andrew Melling and Court; Call to client with Andrew Melling"
- January 24, 2018 (AGM 1.80 hrs) "Preparation for and telephone conference with client; Meeting with M. Oken regarding medical records and strategy"
- January 24, 2018 (MO 1.40 hrs) "Review of timeline of A. F. health; Attend conference call with Andrew Melling and client"

---

[8] These are merely examples and not an exhaustive list. AGM is attorney Andrew G Melling. MO is paralegal Melissa Oken.

- February 20, 2018 (AGM 1.0 hrs) "Reciept and review of Status Report from DOJ; Meet with M. Oken and telephone conference with client; Telephone conference with DOJ'
- February 20, 2018 (MO 1.10 hrs) "Receive report from Secretary of Health and Human Services; Discussion with Andrew Melling; Phone call with client regarding same"

ECF No. 52-1 at 13, 15, and 17.

The undersigned reduces the request for attorney's fees by **$1,218.00**[9], the total of the tasks billed in duplicate by the paralegal.

### D. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.,* 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 13.4 hours was billed on tasks considered administrative including, receiving and forwarding correspondence, reviewing, redacting and organizing documents, and preparing and mailing documents. Examples[10] of these entries include:

- April 4, 2017 (1.60 hrs) "Finalize and prepare package with medical authorizations to various providers."
- April 24, 2017 (0.20 hrs) "Resend HealthSouth medical records request"
- July 7, 2017 (2.40 hrs) "Continue to work on formatting and organizing exhibits to petition to conform to the Court rules."
- February 21, 2018 (2.40 hrs) "Receive email from client with log in for pay stubs; download and organize all of 2016 pay stubs"
- March 28, 2018 (1.10 hrs) "Pull, updated medical records; discussion with Andrew Melling regarding same; organize and prepare for sending to respondent"

ECF No. 52-1 at 4-5, 10, 17 and 20.

---

[9] This amount consists of the already reduced rate of $145 per hour x 8.4 hrs = $1,218.00.

[10] These are merely examples and not an exhaustive list.

The undersigned reduces the request for attorney's fees by **$2,895.00**[11], the total of the tasks considered administrative.

### III.  Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,084.98. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.  Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $56,119.90 |
| Less reduction for Mr. Melling's Rate: | - 2,535.50 |
| Less reduction for Ms. Jones' Rate: | - 242.00 |
| Less reduction for Mr. Doerring's Rate: | - 307.20 |
| Less reduction for Ms. Oken's Rate: | - 694.40 |
| Less non-compensable entries: | - 1,664.00 |
| Less duplicated line entries: | - 1,218.00 |
| Less administrative entries: | - 2,895.00 |
| **Adjusted Fees Total:** | **$46,563.80** |
| Requested attorney costs: | $1,084.98 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **$1,084.98** |
| **Total Attorneys' Fees and Costs Awarded:** | **$47,648.78** |

**Accordingly, the undersigned awards the total of $47,648.78[12] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew G. Melling.**

---

[11] This amount consists of the already reduced rate of ($145 per hour x 15 hrs = $2,175) + ($400 x 1.80 hrs = $720) = $2,895.00.

[12] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[13]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.